**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **STORED SOLAR ENTERPRISES, SERIES LLC** ) | **Chapter 11** |
| ) | **Case No. 22-** 10191 |
| **Debtor.** ) | |
| ) | |

**VERIFIED STATEMENT OF WILLIAM HARRINGTON IN**
**SUPPORT OF DEBTOR'S FIRST-DAY MOTIONS**

William Harrington, under penalties of perjury (28 U.S.C. § 1746), states as follows:

1. My name is William Harrington. I am the sole manager of Stored Solar Enterprises, Series LLC (the "Debtor"). This Verified Statement is made in support of various first-day motions filed by the Debtor in this Chapter 11 case (the "First Day Motions").

2. The Debtor is a series limited liability company organized pursuant to the Delaware Limited Liability Company Act (the "Act"), Title 6, Chapter 18 of the Delaware Code, having its principal place of business in West Enfield, Maine. As a series limited liability company, it is comprised of eight (8) separate series, with differing functions, assets and liabilities, all as described below and in more detail in the First Day Motions.

3. The Debtor employs eighty-seven (87) persons whose skills, knowledge, and understanding of the Debtor's infrastructure, assets and operations are essential to the effective operation of the Debtor's business and to a successful reorganization of that business in a fashion that will maximize the going concern value of the Debtor and the return to secured and unsecured creditors and other interest holders of the Debtor's estate.

4. Series One comprises the general executive and administrative operations of the combined enterprise. It employs all personnel who work for Stored Solar and maintains the executive and administrative offices for all of the operating entities, that is, each operating Series,

of the Debtor. It maintains separate books and records of account for all Series of the Debtor, collecting all accounts receivable for each Series, and disbursing collected funds to or for the account of each of the Series so that each may satisfy its payables.

5. Each of the remaining seven Series, Series Two through Eight, is comprised of a single operating biomass-fueled renewable energy generating facility (a "Plant"), each of which Plants produces electricity which is transmitted into the ISO New England ("ISO-NE") power grid.

6. Series Two consists of a Plant located in West Enfield, Maine.

7. Series Three consists of a Plant located in Jonesboro, Maine.

8. Series Four consists of a Plant located in Bethlehem, New Hampshire.

9. Series Five consists of a Plant located in Fitchburg, Massachusetts.

10. Series Six consists of a Plant located in Tamworth, New Hampshire.

11. Series Seven consists of a Plan located in Springfield, New Hampshire.

12. Series Eight consists of a Plant located in Whitefield, New Hampshire.

13. Collectively, these Plants are capable of producing significant electricity (up to 136 MW per hour when all seven Plants operating) to help satisfy the electricity needs of millions of New England homes and businesses without resorting to the use of fossil fuels.

14. The Debtor earns from ISO-NE (a) payments for maintaining these Plants as available renewable-energy electricity producing resources, (b) payments for electricity generated from these plants, and (c) renewable energy credits ("RECs") for supplying electricity meeting certain renewable energy requirements.

15. In order to produce such electricity to earn these payments and the RECs, the Plants require biomass chips which fuel the Plants.

16. When operating, each Plant requires approximately five hundred (500) to seven hundred and fifty (750) tons of biomass chips per day.

17. Without access to an adequate supply of chips, the Plants cannot operate.

18. The Debtor's secured creditors include: Coastal Enterprises, Inc. ("CEI"); the United States Small Business Administration ("SBA"); and, its primary creditor, Hartree Partners, LP ("Hartree").

19. The value of the Debtor's assets substantially exceed the amount of its secured debts, and the value of the Debtor's assets is not declining. The Debtor believes that the aggregate value of the Plants exceeds $35 million, which is substantially greater than the amounts owed to creditors.

20. All of the Debtor's employees are full time employees and rely on payments received from the Debtor for their basic living necessities.

21. The Debtor's employees are paid on a bi-weekly basis, on every other Friday for the two-week period ending on the previous Saturday.

22. In addition to wages, the Debtor has established various benefit plans and policies for its employees, including health-related benefits ("Health and Welfare Benefits"), vacation and holiday policies ("PTO Policies"), and retirement and savings plans benefits ("Retirement and Savings Plans", and together with the Health and Welfare Benefits and PTO Policies, the "Employee Benefits").

23. The Health and Welfare Benefits, PTO Policies and Retirement and Savings Plans are each essential features of the Debtor's employment package and failure to provide any one of such Employee Benefits would harm employee morale and prompt premature departure of valued employees.

24.     On a weekly basis, the debtor needs access to its accounts receivable and proceeds of Renewable Energy Credits to pay its payroll and benefits to employees, to pay its wood chip vendors, and otherwise to pay its ordinary and necessary operating expenses. I can provide additional detail on these amounts upon request.

[Remainder of Page Intentionally Left Blank]

Executed on September 14, 2022 (28 U.S.C. § 1746).

_____
William Harrington