UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re: ) | |
| ) | |
| STORED SOLAR ENTERPRISES, ) | Chapter 11 |
| SERIES LLC ) | Case No. 22-10191 |
| ) | |
| Debtor. ) | |

**OBJECTION OF DEBTOR TO SALE AND BID PROCEDURES ESTABLISHED BY ORDER OF THE BANKRUPTCY COURT DATED NOVEMBER 4, 2022 AND TO ENTRY OF FURTHER ORDER APPROVING THE SAME**

Stored Solar Enterprises, Series LLC, the above-captioned debtor in these Chapter 11 proceedings ("Stored Solar" or the "Debtor"), by and through its undersigned attorneys, hereby objects to the bidding and sale procedures established pursuant to the Stipulation Between the Official Committee of Unsecured Creditors and Hartree Partners, dated November 4, 2022, as approved by this Court in its order of the same date. [D.E. 192]. It appears that the Anthony Manhart, Chapter 11 Trustee appointed in this case (the "Trustee") will acquiesce in those procedures, and to the extent that he does, objection is made to this acquiescence by the Trustee

**Jurisdiction, Venue, And Statutory Basis**

1. On September 14, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Petition") under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et. seq.* (the "Code"). The Debtor continues to operate its business as debtor-in-possession pursuant to §§ 1107 and 1108 of the Code.

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334, and Rule 83.6(a) of the Local Rules of the United States District Court for the District of Maine, pursuant to which all cases filed in Maine under Title 11 are

1

automatically referred to this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. By its Orders dated November 4, 2022 [D.E. 192, 193] (the "November 4 Orders") this Court ordered the appointment of a Chapter 11 Trustee, and it approved bidding and sale procedures for the assets of the Debtor, as agreed upon by the Official Committee of Unsecured Creditors (the "Committee") and Hartree Partners, LP ("Hartree").

4. The Court set November 10, 2022, as the deadline for the Trustee to file revised sale procedures. The Debtor expects that the Trustee will not do so, and instead will acquiesce in the sale procedures established by the Court on November 4, 2022.

## Objection to Bidding And Sale Procedures

5. The Debtors objection to the bidding and sale procedures set forth in the Court's November 4 Orders, and its objection to the Trustee's acquiescence in the same, is based on both procedural and substantive grounds.

6. On procedural grounds, entry of the November 4 Orders denied the Debtor and other parties due process of law for several reasons. First, due process has been denied because the Stipulation approved by the Court, prescribing the proposed bidding and sale procedures, was first filed at 8:54 am on November 4, 2022, and amended on that day at 3:12 pm. [D.E. 183, 185]. Neither the Debtor, nor any other party in interest had any opportunity to review or comment on the Stipulation, as it had been amended, as it was initially filed minutes before the Court commenced hearing on that day, at 9 am, and then it was amended at 3:12 pm after the Court had adjourned. Neither the Debtor nor any party in interest had any fair or appropriate opportunity to review the Stipulations before they

2

were approved by the Court, and they were approved without any opportunity for the Debtor or other party in interest to comment upon them or point out to the Court the serious deficiencies in the bidding and sale procedures which were specified in the Stipulation as amended.

7.     To exacerbate the denial of due process, this Court is being asked to approve the Proposed Sale Procedures without the Court, or any party, including the Trustee, having been provided a copy of Hartree's proposed stalking horse asset purchase agreement (the "Stalking Horse APA").  That Agreement may contain terms inimical to the bidding process itself, but no party, and certainly not the Trustee or this Court will have had any opportunity to review the terms of the Stalking Horse APA before being required to make a determination that it provides an acceptable floor for the solicitation of counteroffers.  This procedural defect alone exacerbates the utter denial of due process, and warrants the Court entering its order to deny the proposed bidding and sale procedures.

8.     The Trustee has obviously been handicapped by the requirement that he acquiesce in the bidding and sale procedures so established, or propose different ones, by November 10, 2022, some four business days after the establishment of these bidding and sale procedures.  To properly evaluate the bidding and sale procedures, the Trustee should be given the opportunity to consult with parties, to consult with potential bidders, and to retain and consult with appropriate investment banking and/or brokerage professionals in order to determine whether the bidding and sale procedures are reasonable.  Upon information and belief, the Trustee intends to retain an investment banking professional,

but no application for the same has been filed, nor presumably has the Trustee had the opportunity to retain and consult an investment banking professionals.

9. And these entirely unreasonable time frames for determination of important matters, determinative of the success of this Chapter 11 case, leads to the substantive objection. Not surprisingly, with no party in interest having been given any opportunity to review or comment on the Stipulation and the bidding and sale procedures embodied therein, and the Trustee having had no reasonable opportunity to evaluate them, nor to seek professional investment banking assistance, these procedures served only the parties to the Stipulation, and not the estate. The bidding and sale process so established is designed to achieve only one result: the effective foreclosure by Hartree on its collateral. They provide no reasonable opportunity for anyone to bid on any acquisition of any of the assets of the Debtor. The time frame (submission of bids on 7 electric power generation plants) within 18 days (Nov. 4—Nov. 18), and a closing on December 2, 2022 (after the intervening Thanksgiving Holiday) is patently unreasonable and will inevitably depress the value of the Debtor's assets. Further, the submission of such bids without any reasonable opportunity for any prospective bidder to undertake and complete due diligence, nor to state any condition to the obligation to purchase, such as a condition regarding transfer of permits and licenses, a condition regarding the absence of environmental contamination (e.g. obtaining a Phase I environmental report), and other commercially reasonable conditions creates a palpably unreasonable sale process. Again, it was not designed to maximize value for the estate. Rather, it was designed for one purpose and one purpose only: To enable Hartree to effectively foreclose on its collateral, without compliance with

4

any of the usual requirements for the same, including establishment of any entitlement to relief from stay under Section 362(d) of the Bankruptcy Code.

10.  The Committee consented to all of this because Hartree threw it a bone: it agreed to make a fund of $650,000 available to provide a *de minimus* dividend to unsecured creditors, on a total body of unsecured claims of more than $8,000,000. One could well argue about the wisdom of this deal, but that is beyond the scope of this Objection.

## Conclusion

11.  The Court was rushed into approving the Stipulation, with neither the Debtor nor any other party having been given any opportunity to review the Stipulation or argue about it before the Court. Further, the Trustee appointed in the case was also denied any reasonable opportunity to consider the bidding and sale procedures, or to obtain brokerage or investment banking advice, or to develop alternatives. The Court is now being rushed again, being asked to approve the sale process with no idea what the Stalking Horse APA looks like. This is the offer against which other bidders are supposed to bid. Yet, at the present time, the offer is a secret. The effect is entirely predictable. The Stipulation serves only Hartree, not the estate, and Hartree gets a real break: it is excused from complying with the requirements for relief from stay under Section 362(d), and the Committee, for its acquiescence, got a *de minimus* dividend for its constituency. The bankruptcy estate can do much better and it should do much better. The Debtor requests that the Court disapprove the proposed bidding and sale procedures; and that it establish reasonable and prudent bidding procedures after all parties have had an opportunity to propose the same and to be heard on the proposals made.

| | |
|---|---|
| DATED: November 10, 2022 | /s/ George J. Marcus |

George J. Marcus, Esq.
David C. Johnson, Esq.
John H. Doyle, Esq.

MARCUS | CLEGG
16 Middle Street, 5th Floor
Portland, ME  04101
(207) 828-8000
bankruptcy@marcusclegg.com

Attorneys for the Debtor

## CERTIFICATE OF SERVICE

      I, George J. Marcus, hereby certify that I am over eighteen years old and caused a true and correct copy of the foregoing document to be served electronically on the parties receiving service in this case through the Court's CM/ECF electronic filing system on November 10, 2022.

Dated: November 10, 2022             /s/ George J. Marcus
                                                                          George J. Marcus, Esq.

                                                                          MARCUS | CLEGG
                                                                          16 Middle Street
                                                                          Suite 501
                                                                          Portland, ME 04101
                                                                          207.828.8000