**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

---------------------------------------------------------------x
:
In re:                                                        :    Chapter 11
:
STORED SOLAR ENTERPRISES, SERIES LLC       :    Case No. 22-10191
:
Debtor.               :
:
---------------------------------------------------------------x

**NOTICE OF SALE, BID PROCEDURES, AUCTION, SALE OBJECTION,
SALE HEARING AND OTHER DEADLINES RELATED THERETO**

**PLEASE TAKE NOTICE OF THE FOLLOWING**:

1. On November 11, 2022, the United States Bankruptcy Court for the District of Maine (the "Court") entered an Order (the "Sale Procedures Approval Order") authorizing certain procedures (the "Bidding Procedures") to be used in connection with the sale (the "Sale") of the assets (the "Acquired Assets") of the above-captioned debtor (the "Debtor") by the chapter 11 trustee (the "Trustee").

2. Copies of the Sale Procedures Approval Order and Bidding Procedures may be viewed for a fee on the internet at the Court's website (https://www.meb.uscourts.gov) by following the directions for accessing the ECF system on such website.

3. **On November 23, 2022 at 1:00 p.m. (prevailing Eastern Time)**, a hearing (the "Sale Hearing") will take place before the Honorable Michael A. Fagone, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Maine, located at 202 Harlow Street, 3rd Floor, Bangor, Maine 04401, where the Trustee will present for the Court's approval one or more bids for the Acquired Assets (collectively, the "Successful Bid"). The Trustee will have accepted the terms of any Successful Bid only when such bid has been approved by the Court.

4. To be eligible to participate in the bidding process for the Acquired Assets, a Prospective Bidder shall deliver to the Bid Notice Parties: (i) an executed confidentiality agreement, in form and substance satisfactory to the Trustee; (ii) a statement and other factual support demonstrating to the Trustee's reasonable satisfaction that the Prospective Bidder has a bona fide interest in purchasing the Acquired Assets; and (iii) preliminary information, satisfactory to the Trustee, of the Prospective Bidder's financial capacity to close the proposed Sale.

5. Any party that intends to participate in the Auction (each, a "Prospective Bidder") shall submit its binding bid (a "Bid") in writing to the Bid Notice Parties on or before **November 22, 2022 at 5:00 p.m. (Eastern Time)** (the "Bid Deadline"). Any bid received after the Bid Deadline will not constitute a Qualified Bid.

6. If the Trustee receives more than one Qualified Bid for the Acquired Assets, the Trustee shall conduct the Auction. The Auction, if required, shall be conducted on **November 23,**

**2022 at the Cross Insurance Center in Bangor Maine at 10:00 a.m.,** or at such other date and location as designated by the Trustee with agreement of the advisors to the Committee and counsel to the DIP Lender (the "Consultation Parties").

7. If the Trustee receives no Qualified Bids (other than the Stalking Horse Purchaser's bid), the Stalking Horse Asset Purchase Agreement shall be the Successful Bid and the Trustee shall request that the Court approve the Stalking Horse Asset Purchase Agreement at the Sale Hearing. If the Trustee receives a Qualified Bid other than the Stalking Horse Asset Purchase Agreement for an amount not less than the Hurdle Amount, the Trustee may determine, with the consent of the Consultation Parties, not to hold the Auction and instead declare such Qualified Bid or the Stalking Horse Asset Purchase Agreement as the Successful Bid and request that the Court approve an Asset Purchase Agreement with such bidder at the Sale Hearing.

8. Objections to the Sale, including any objection to the sale of the Acquired Assets free and clear of liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code (each, a "Sale Objection"), and to entry of an order approving any Sale (the "Sale Order") shall (i) be in writing and specify the nature of such objection; (ii) comply with the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and all orders of the Court; and (iii) be filed with the Court and served on: (a) the Trustee, Anthony J. Manhart, Preti Flaherty, One City Center, PO Box 9546, Portland ME 04112 (Attn: Anthony J. Manhart (amanhart@preti.com)), (b) counsel to the Trustee, Preti Flaherty, One City Center, PO Box 9546, Portland ME 04112 (Attn: Bodie B. Colwell, Esq. (bcolwell@preti.com)); (c) counsel for the official committee of unsecured creditors, Drummond Woodsum, 84 Marginal Way, Suite 600, Portland, ME 04101 (Attn. Jeremy R. Fischer, Esq. (jfischer@dwmlaw.com), Kellie W. Fisher, Esq. (kfisher@dwmlaw.com)); (d) counsel of the Stalking Horse Purchaser, Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Evan R. Fleck, Esq. (efleck@milbank.com), Michael W. Price, Esq. (mprice@milbank.com), Brian Kinney, Esq. (bkinney@milbank.com)), Sheehan Phinney Bass & Green PA, 75 Portsmouth Boulevard, Suite 110, Portsmouth, NH 03801 (Attn: James S. LaMontagne, Esq. (jlamontagne@sheehan.com)); and (e) the Office of the United States Trustee for the District of Maine, (collectively, the "Objection Recipients") **prior to the start of the Sale Hearing.**

9. All Sale Objections not resolved by the parties prior thereto shall be heard at the Sale Hearing. **THE FAILURE OF ANY PARTY TO TIMELY FILE WITH THE COURT AND SERVE ON THE OBJECTION RECIPIENTS A SALE OBJECTION FOREVER SHALL BAR SUCH PARTY FROM ASSERTING, AT THE SALE HEARING OR THEREAFTER, ANY OBJECTION TO THE RELIEF REQUESTED IN THE MOTION, OR TO THE CONSUMMATION AND PERFORMANCE OF THE SALE(S) TO SUCCESSFUL BIDDER(S), INCLUDING THE TRANSFER OF THE ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO SECTION 363(F) OF THE BANKRUPTCY CODE.**

10. The Trustee's presentation to the Court for approval of a Successful Bid does not constitute the Trustee's acceptance of such bid. The Trustee will have accepted the terms of a Successful Bid only when such bid has been approved by the Court.

11. This Notice is subject to the full terms and conditions set forth in the Sale Procedures Approval Order and the Amended Bidding Procedures. To the extent set forth in the Amended Bidding Procedures, the Trustee may, following agreement with the Consultation Parties, in any manner consistent with its fiduciary duties and applicable law, or with the approval of the Court, modify the procedures and deadlines set forth herein (including, without limitation, modifying the Qualified Bid requirements, modifying the procedures for conducting the Auction, rescheduling the Auction or adjourning the Sale Hearing) or adopt new rules, procedures and deadlines in order to better maximize value for its estate; <u>provided</u> that the Trustee may not amend these Bidding Procedures or the bidding process to reduce or otherwise modify its obligations to consult with any Consultation Party without the consent of such Consultation Party or further order of the Court. All such modifications and additional rules shall be communicated to each of the Consultation Parties, the Sale Notice Parties, Prospective Bidders and Qualified Bidders; <u>provided</u> that, to the extent such modifications occur at the Auction, disclosure of such modifications may be limited to those in attendance at the Auction.

12. Parties interested in receiving additional information about the Debtor, the Amended Bidding Procedures, the Sale, the Acquired Assets, or the Auction may make requests to the Trustee (amanhart@preti.com with a copy to bcolwell@preti.com).

DATED: November 11, 2022

/s/ Bodie B. Colwell

Anthony J. Manhart, Esq.
Bodie B. Colwell, Esq.
Preti Flaherty, LLP
One City Center
PO Box 9546
Portland, ME  04112-9546
(207) 791-3000
amanhart@preti.com
bcolwell@preti.com
*Counsel for Anthony J. Manhart,
Chapter 11 Trustee*