**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re<br><br>STORED SOLAR ENTERPRISES, SERIES LLC,<br><br>      Debtor. | Chapter 11<br><br>Case No. 22-10191 |

**SUPPLEMENT TO**
**THE STATE OF NEW HAMPSHIRE'S OBJECTION TO THE DISCLOSURE STATEMENT WITH RESPECT TO THE CHAPTER 11 PLAN FOR STORED SOLAR ENTERPRISES, SERIES LLC PREPARED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND CHAPTER 11 TRUSTEE DATED APRIL 11, 2023**

On May 18, 2023, the Court held a hearing (the "Hearing") on whether the *Disclosure Statement with Respect to the Chapter 11 Plan for Stored Solar Enterprises, Series LLC Prepared by the Official Committee of Unsecured Creditors and Chapter 11 Trustee dated April 11, 2023* [Dkt. No. 397] (the "Disclosure Statement") contains adequate information such that disclosure and solicitation for or against confirmation of the *Chapter 11 Plan for Stored Solar Enterprises, Series LLC Prepared by the Official Committee of Unsecured Creditors and Chapter 11 Trustee dated April 11, 2023* [Dkt. No. 396] (the "Plan") is appropriate.[1]

At the Hearing, a question arose as to whether Stored Solar Enterprises, Series LLC (the "Debtor") was liable for taxes under N.H. Rev. Stat. Ann. 77-A, which imposes a tax at the rate of 7.6% on the taxable business profits of every business organization (the "Business Profits Tax"), or if an affiliate or parent entity of the Debtor might be liable in the event the Debtor and affiliates have or will file consolidated returns.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Disclosure Statement.

New Hampshire state law defines those business organizations that are subject to the Business Profits Tax such that they are owed at the entity level, regardless of any decision by such entity or affiliates to file tax returns on a consolidated basis. This is clear from the definition of the term "Business organization" in the applicable statute, which is reproduced below:

> I. " Business organization" means any enterprise, whether corporation, partnership, *limited liability company*, proprietorship, association, business trust, real estate trust or other form of organization; *organized for gain or profit, carrying on any business activity within the state*, except such enterprises as are expressly made exempt from income taxation under the United States Internal Revenue Code as defined in RSA 77-A:1, XX. *Each enterprise under this definition shall be subject to taxation under RSA 77-A:2 as a separate entity*, unless specifically authorized by this chapter to be treated otherwise, such as, but not limited to, combined reporting. Trusts or foundations treated as grantor trusts under section 671 of the United States Internal Revenue Code shall be included in the return of their owners, and such owners shall be subject to the tax thereon to the extent such owners would be considered a business organization hereunder notwithstanding the existence of the trust or foundation. *The use of consolidated returns as defined in the United States Internal Revenue Code as defined in RSA 77-A:1, XX is not permitted.* Notwithstanding any other provision of this paragraph, an enterprise shall not be characterized as a business organization and shall be excluded from taxation at the entity level if it elects to be treated as a qualified investment company as defined in RSA 77-A:1, XXI or if it elects to be treated as a qualified regenerative manufacturing company as defined in RSA 77-A:1, XXX. A partnership, *limited liability company*, estate, trust, or foundation except grantor trusts pursuant to section 671 of the United States Internal Revenue Code, "S" corporation, real estate investment trust, or any other such entity, other than an organization electing to be treated as a qualified investment company as defined in RSA 77-A:1, XXI *whose net income is reportable by the true owners either directly or indirectly*, or an organization electing to be treated as a qualified regenerative manufacturing company as defined in RSA 77-A:1, XXX, *shall be subject to tax at the entity level, and no part of such earnings or loss shall be included in the calculation of the gross business profits of the owners of such entity*.

There is little case law interpreting this definitional provision or the related provision imposing Business Profits Tax, which is reproduced in full below:

> I. For all taxable periods ending on or after December 31, 2019, a tax is imposed at the rate of 7.7 percent upon the taxable business profits of every business organization.

> *II. For all taxable periods ending on or after December 31, 2022, a tax is imposed at the rate of 7.6 percent upon the taxable business profits of every business organization.*
>
> *III. For all taxable periods ending on or after December 31, 2023, a tax is imposed at the rate of 7.5 percent upon the taxable business profits of every business organization.*

N.H. Rev. Stat. Ann. § 77-A:2 (emphasis added). *Cf. Bradley Real Estate Tr. v. Taylor*, 128 N.H. 441, 447, 515 A.2d 1212, 1216 (1986) (noting that new legislation required a real estate investment trust to be taxed at the entity level).

However, the Maine Law Court has twice held that individual Maine taxpayers are not entitled to a credit to reduce their individual income tax for New Hampshire Business Profits Tax paid by a limited liability company. *Goggin v. State Tax Assessor*, 2018 ME 111, 191 A.3d 341; *Day v. State Tax Assessor*, 2008 ME 39, 942 A.2d 685 (*per curiam*). In explaining its reasoning in *Goggin*, the Law Court observed that the Business Profits Tax was tax paid by an entity, not the individuals, and, therefore, the individuals were not entitled to a credit for such taxes paid.

> The plain meaning of an "income tax imposed on [an] individual" excludes taxes that are imposed on, and paid by, business entities. 36 M.R.S. § 5217-A. Unlike in the cases in some other jurisdictions in which an out-of-state tax was held to generate a credit, the New Hampshire business taxes imposed here were not taxes imposed on individuals for unincorporated businesses. Cf. District of Columbia v. Califano, 647 A.2d 761, 765 (D.C. 1994) (holding, in concluding that an individual was entitled to a credit for paying an unincorporated business tax, that "the term 'individual income tax' cannot rationally denote anything other than an income tax paid by an individual"); Mathy v. Commonwealth Dep't of Taxation, 253 Va. 356, 483 S.E.2d 802, 802-04 (1997) (holding that the District of Columbia's unincorporated business tax is a tax on income). *Rather, the New Hampshire taxes were imposed on the LLC's statutorily defined "taxable business profits,"* N.H. Rev. Stat. Ann. §§ 77-A:1(IV), 77-A:2, 77-A:4 (2012), *and the "taxable enterprise value tax base of [a] business enterprise,"* N.H. Rev. Stat. Ann. §§ 77-E:1(III), (IX), 77-E:2 (2012).

*Goggin*, 2018 ME 111, ¶ 16, 191 A.3d at 345-46 (emphasis added).

If the Business Profits Tax was capable of being attributed to an affiliate or parent on a "pass through" basis, then the taxpayer in *Goggin* may have prevailed. But the plain text of the statute says that the Business Profits Tax is applied on an entity level: "A . . . limited liability company . . . whose net income is reportable by the true owners either directly or indirectly . . . shall be subject to tax at the entity level, and no part of such earnings or loss shall be included in the calculation of the gross business profits of the owners of such entity." N.H. Rev. Stat. Ann. § 77-A:1.

Accordingly, the State of New Hampshire submits that the Debtor is primarily liable for any Business Profits Tax. The State of New Hampshire reserves all rights to seek payment from any affiliate or parent entity of the Debtor, to the extent permissible under applicable law.

Date: May 22, 2023

*/s/ Andrew C. Helman*
Andrew C. Helman
Kyle D. Smith
DENTONS BINGHAM GREENEBAUM LLP
254 Commercial Street, Suite 245
Portland, Maine  04101
(207) 619-0919
andrew.helman@dentons.com
kyle.d.smith@dentons.com

*Counsel to the State of New Hampshire*

## CERTIFICATE OF SERVICE

I, Andrew C. Helman, an individual eighteen years of age or older, hereby certify that on the date set forth below, I caused the foregoing document to be served on all parties receiving notice and service in this case through the Court's CM/ECF electronic filing service, which served the same on the parties receiving notice via the CM/ECF system.

Date: May 22, 2023

*/s/ Andrew C. Helman*
Andrew C. Helman
DENTONS BINGHAM GREENEBAUM LLP
254 Commercial Street, Suite 245
Portland, Maine  04101
(207) 619-0919
andrew.helman@dentons.com