**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Stored Solar Enterprises,<br>Series LLC,<br><br>                Debtor | Chapter 11<br>Case No. 22-10191 |

## ORDER APPROVING DISCLOSURE STATEMENT WITH RESPECT TO THE CHAPTER 11 PLAN FOR STORED SOLAR ENTERPRISES, SERIES LLC PREPARED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND CHAPTER 11 TRUSTEE DATED AUGUST 18, 2023

This matter having come before the Court upon the filing of the Disclosure Statement With Respect to the Chapter 11 Plan for Stored Solar Enterprises, Series LLC Prepared by the Official Committee of Unsecured Creditors and Chapter 11 Trustee Dated August 18, 2023 (the "Disclosure Statement") [Dkt. No. 441], and notice having been given, and the Court having held a hearing on the adequacy of the Disclosure Statement on September 26, 2023 (the "Hearing"), and the Court having considered the Disclosure Statement with respect to the Chapter 11 Plan of Stored Solar Enterprises, Series LLC Prepared by the Official Committee of Unsecured Creditors and Chapter 11 Trustee Dated August 18, 2023 (the "Plan") [Dkt. No. 439] filed by the Official Committee of Unsecured Creditors and the Chapter 11 Trustee (together, the "Plan Proponents"), and the Court finding that the notice of the Hearing was adequate under the circumstances, the Disclosure Statement is hereby APPROVED, and the Court finds that the Disclosure Statement contains adequate information as required by 11 U.S.C. § 1125.

The Plan Proponents' efforts to obtain approval of a disclosure statement began on April 11, 2023, with the filing of the Disclosure Statement With Respect to the Chapter 11 Plan for Stored Solar Enterprises, Series LLC Prepared by the Official Committee of Unsecured Creditors

and Chapter 11 Trustee Dated April 11, 2023 (the "April 11 Disclosure Statement") [Dkt. No. 397]. That same date, the Plan Proponents filed a notice setting the April 11 Disclosure Statement for hearing on May 18, 2023, and specifying an objection deadline of May 9, 2023. [Dkt. No. 398]; see D. Me. LBR 3017-1(a). They also filed a status report outlining the asserted administrative and priority claims against the estate and describing the state of negotiations with the holders of those claims. [Dkt. No. 399]. The Sate of New Hampshire filed the only timely objection. [Dkt. No. 410].

During the hearing on May 18, Maine Revenue Services ("MRS") appeared and joined in the State of New Hampshire's objection, despite MRS's failure to file a timely written objection. Marcus Clegg appeared on behalf of the debtor but did not make any objection at that time. After the May 18 hearing, the Court issued a scheduling order setting the Hearing and directing the Plan Proponents to file an amended disclosure statement incorporating (i) the revisions discussed on the record; and (ii) any agreements reached in the interim between the Plan Proponents and the State of New Hampshire or MRS. [Dkt. No. 425]. The scheduling order provided that the State of New Hampshire's objection to the April 11 Disclosure Statement would be deemed to apply to the amended disclosure statement unless the State of New Hampshire withdrew its objection. Id. The scheduling order further provided that MRS would also be presumed to join in that enduring objection unless MRS filed a statement withdrawing its joinder. Id. Because the disclosure statement was only to be amended to resolve existing objections, the Court did not set a deadline for further objections.

On August 18, 2023, the Plan Proponents filed the Disclosure Statement and the Plan. After a status conference on August 23, the State of New Hampshire filed a status report regarding the debtor's tax returns. [Dkt. No. 448]. That report confirmed that the State of New

2

Hampshire Department of Revenue Administration ("DRA") has not received, from any party, a "short-period return" covering the taxable period beginning January 1, 2022, and ending September 13, 2022 (the day prior to the petition date). The report further indicated that the DRA continues to investigate who is responsible for filing the missing return and whether the debtor is responsible for paying any taxes relating to that period. On September 18, 2023, MRS filed an objection to the Disclosure Statement elaborating on the position it previously had taken with respect to the April 11 Disclosure Statement. [Dkt. No. 452].[1] Then, more than four months after the May 9 objection deadline, Marcus Clegg filed an objection to the Disclosure Statement. [Dkt. No. 454]. At the Hearing, Marcus Clegg made an oral motion for enlargement of the deadline to object to the disclosure statement under Fed. R. Bankr. P. 9006(b)(1). Marcus Clegg did not establish that its failure to timely object the result of excusable neglect. Its motion is therefore denied, and its objection is disregarded as untimely.

As for the objections made by the State of New Hampshire and MRS (the "Taxing Authorities"), they are overruled. The Taxing Authorities primarily contend that the Disclosure Statement cannot be approved because the Plan is patently unconfirmable. For this proposition, they cite In re Eastern Maine Elec. Co-op, Inc., 125 B.R. 329, 333 (Bankr. D. Me. 1991). According to the Taxing Authorities, the estate is administratively insolvent and that prevents confirmation. *See* 11 U.S.C. § 1129(a)(9). However, in the months since the filing of the April 11 Disclosure Statement, one of the four administrative claims asserted has been withdrawn. *See* [Dkt. No. 447]. Of the remaining administrative claims, two are asserted by the Taxing

---

[1] In its written objection, MRS also argued that the Disclosure Statement should not be approved because the Plan contains an exculpation clause that renders the Plan unconfirmable. *See* [Dkt. No. 452]. This attack on the Disclosure Statement was not raised by the State of New Hampshire in the objection that MRS later joined. For this reason, the Court will not consider this aspect of MRS's objection at this juncture. MRS may, however, renew this argument if it timely objects to confirmation of the Plan.

3

Authorities. The State of New Hampshire filed a proof of claim asserting an administrative claim in excess of $800,000 but did so before the debtor submitted a tax return to the State for the period beginning on the petition date and ending on December 31, 2022. *See* [Claim No. 91-1]. According to the Trustee, that short-period return shows liability to the State of New Hampshire in the much smaller amount of approximately $47,000. [Dkt. No. 445]. The State of New Hampshire may disagree with this assessment and may also seek to hold the debtor liable for taxes attributable to the short period beginning on January 1, 2022, and ending on September 13, 2022. *See* [Dkt. No. 448]. At this point, however, those remain possibilities, and the amount and allowability of any administrative expense claim held by the State of New Hampshire is unsettled. The same is true of MRS. Beyond that, the Plan Proponents have made a plausible argument that the debtor does not have any tax liability to MRS because of the debtor's status as a pass-through entity. If the Plan Proponents are right, the amount of administrative claims asserted against the estate may not exceed the cash in the wind-down budget, and the Plan Proponents have indicated that those funds could be made available to pay those claims in full on the Effective Date.[2] Under these circumstances, the Disclosure Statement does not describe a Plan "that is so fatally flawed that confirmation is impossible[.]" In re E. Me. Elec. Co-op, 125 B.R. at 333 (quotation marks omitted).

The Taxing Authorities also contend that the Disclosure Statement does not contain adequate information as required by 11 U.S.C. § 1125(b). To a significant extent, this concern, as articulated by the State of New Hampshire, has been addressed by the information about the nature and the value of the Causes of Action provided in the Disclosure Statement. Beyond that, the only creditors entitled to vote in this case are the holders of general unsecured claims, and the

---

[2] Capitalized terms not defined in this order have the meaning given to them in the Plan.

4

interests of this group of creditors are represented by one of the Plan Proponents. The additional information sought by the Taxing Authorities might benefit them in their efforts to oppose confirmation of the Plan under section 1129(a)(9). But that additional information is not required here to meet the standard of "adequate information" under 11 U.S.C. § 1125(a)(1) to assist the holders of allowed general unsecured claims in casting their ballots.[3]

The Court further orders the following:

I. **Confirmation Hearing**

1. A preliminary non-evidentiary hearing on confirmation of the Plan (the "Confirmation Hearing) shall be held on November 16, 2023, at 2:00 p.m. at the United States Bankruptcy Court for the District of Maine located at 202 Harlow Street in Bangor, Maine. The Confirmation Hearing may be continued by announcement in open court, and the Plan may be modified under 11 U.S.C. § 1127(a) during or as a result of the Confirmation Hearing, all without further notice to parties-in-interest other than notice in open court at the Confirmation Hearing.

II. **Deadline and Procedures for Objections to Confirmation**

2. The deadline for filing and serving written objections to confirmation of the Plan shall be November 9, 2023 (the "Objection Date").

3. Objections must be in writing and must be both (a) filed with the Clerk of the Bankruptcy Court and (b) served in accordance with Fed. R. Bankr. P. 3020(b) and this paragraph. Specifically, to be considered, objections must be filed no later than the Objection

---

[3] Approval of the Disclosure Statement as containing adequate information is not an endorsement of every provision of the Disclosure Statement or the Plan it describes. For example, the Disclosure Statement's provision for "Allowance of Post-Petition Claims" (on page 15) describes a process for allowance of administrative claims that may not be appropriate. Despite that, there is enough information in the Disclosure Statement to enable the holders of general unsecured claims to cast informed votes, which is what matters at this point.

5

Date with the Clerk of the Bankruptcy Court for the District of Maine, 202 Harlow Street, Bangor, Maine, 04401; and served so that they are actually received on or before the Objection Date. Objections must also be served on the Plan Proponents' attorneys as follows:

>Jeremy R. Fischer
>**DRUMMOND WOODSUM**
>84 Marginal Way, Suite 600
>Portland, Maine 04101-2480
>Telephone: (207) 772-1941
> Jfischer@dwmlaw.com
>
>-and-
>
>Anthony J. Manhart
>**PRETI FLAHERTY LLP**
>One City Center
>PO Box 9546
>Portland, Maine  04112-9546
>Telephone: (207) 791-3000
>E-mail: amanhart@preti.com

Objections that are not in writing, or that are not timely filed and served in accordance with this order may not be considered by the Court and may be summarily overruled.

    **III.**    **Deadline for Temporary Allowance of Claims for Voting Purposes**

    4.    The deadline for filing and serving any motion under Fed. R. Bankr. P. 3018(a) (the "Rule 3018(a) Motions") seeking temporary allowance of a claim for the purpose of accepting or rejecting the plan shall be November 9, 2023 (the "Rule 3018(a) Date"). A hearing to consider and determine any Rule 3018(a) Motions shall be held on November 16 , 2023, at 2:00 p.m. at the United States Bankruptcy Court for the District of Maine located at 202 Harlow Street in Bangor, Maine. Any Rule 3018(a) Motions must be in writing and must be served so that they are actually received by the Plan Proponents' attorneys (at the addresses specified in the prior paragraph) no later than the Rule 3018(a) Date.

6

5. Any Rule 3018(a) Motion that is not timely filed and served in accordance with this order will not be considered by the Court, and any claim referenced in such an improperly or untimely filed Rule 3018(a) Motion will not be counted in determining whether the Plan has been accepted or rejected.

### IV.     Deadline for Receipt of Ballots

6. To be counted, ballots for accepting or rejecting the Plan must be received by the Committee's counsel, Drummond Woodsum, 84 Marginal Way, Suite 600, Portland, ME 04101, c/o Jeremy Fischer, no later than November 2, 2023, at 5:00 p.m. (the "Voting Deadline").

7. Submission of ballots by facsimile (fax) or by e-mail is not permitted.

8. **BALLOTS NOT RECEIVED BY THE VOTING DEADLINE WILL NOT BE COUNTED FOR OR AGAINST CONFIRMATION OF THE PLAN**.

9. The Plan Proponents must file a tabulation of votes no later than November 9, 2023.

### V.     Copies and Review of Documents

10. Any party-in-interest wishing to obtain an additional copy or copies of the Disclosure Statement, the Plan, or any exhibits to those documents may request such copies from:

> Jeremy R. Fischer
> **DRUMMOND WOODSUM**
> 84 Marginal Way, Suite 600
> Portland, Maine 04101-2480
> Telephone: (207) 772-1941
> Jfischer@dwmlaw.com
>
> -or-
>
> Anthony J. Manhart
> **PRETI FLAHERTY LLP**
> One City Center

       PO Box 9546
       Portland, Maine  04112-9546
       Telephone: (207) 791-3000
       E-mail: amanhart@preti.com

All such additional copies shall be at the expense of the party requesting the documents unless otherwise required by Fed. R. Bankr. P. 3017(d).  All documents that are filed with the Bankruptcy Court may be reviewed during regular business hours, 8:30 a.m. to 4:30 p.m. weekdays (except legal holidays), at the United States Bankruptcy Court for the District of Maine, 202 Harlow Street, Bangor, Maine, 04401.

       11.  Persons wishing to obtain information about the procedure for voting their claims or the packet of materials they may have received in conjunction with the Plan may contact:

       Jeremy R. Fischer
       **DRUMMOND WOODSUM**
       84 Marginal Way, Suite 600
       Portland, Maine 04101-2480
       Telephone: (207) 772-1941
       Jfischer@dwmlaw.com

       -or-

       Anthony J. Manhart
       **PRETI FLAHERTY LLP**
       One City Center
       PO Box 9546
       Portland, Maine  04112-9546
       Telephone: (207) 791-3000
       E-mail: amanhart@preti.com

Date:   October 6, 2023

                                                        Michael A. Fagone
                                                        United States Bankruptcy Judge
                                                        District of Maine