**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>STORED SOLAR ENTERPRISES, SERIES LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10191 |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO STATE OF NEW HAMPSHIRE'S REQUESTS FOR EXPEDITED DETERMINATION**

The Official Committee of Unsecured Creditors (the "Committee") hereby objects to the State of New Hampshire's requests for expedited determination of (1) *Motion of State of New Hampshire to Cancel or Continue Evidentiary Hearing or Grant Other Appropriate Relief* [Dkt. No. 487] (the "Motion to Continue"), and (2) *Motion of State of New Hampshire to Determine Allocation of Burdens of Proof Governing Evidentiary Hearing on Allowance of Administrative Expenses* [Dkt. No. 488] (the "Motion in Limine"). In support of its objection, the Committee states as follows:

**I.    Objection to Expedited Determination of Motion to Continue**

LBR 9013-4(4) requires a party seeking an expedited determination to "list the facts and circumstances that justify such a determination . . . ." In the Motion to Continue, the State of New Hampshire, acting through its Department of Revenue Administration (the "State"), has not carried this burden, despite over 20 pages of effort. To the contrary, the listing of facts and circumstances by the State actually demonstrates why expedited consideration is not warranted.

First, the State argues that the hearing must be continued because it "has been provided with no notice of the contours of any contested matter nor the content of any objections against it – including substantive legal and factual bases for such objections or why the State is wrong."

Motion to Continue ¶ 29. The dispute over tax liability between the State and the bankruptcy estate has been public – both in writing and orally before this Court – since April 2023. Anyone with even a passing familiarity with this case understands the contours of this dispute. The State is not some bystander to the dispute – it is an active party and it is well aware of both sides' positions. The State cannot feign ignorance at the 11th hour. The time has come for this dispute to be decided.

Second, the Motion to Continue is premised on a crisis entirely of the State's own making. At the hearing on November 16, 2023, the State raised these same "due process" issues and they were openly discussed by the Court and the parties. The Court entered its procedural order [Dkt. No. 481] on November 17, 2023 at 4:09 p.m. The State then waited until 4:10 p.m. on January 12, 2024 to file the Motion to Continue – that's 60 days (or just over 1,440 hours).[1] Nothing has changed during that period of time. The State simply sat on its rights and now seeks an expedited determination of issues that could have raised weeks ago on regular notice. For these reasons, the Court should deny the State's request for expedited determination of the Motion to Continue.

### II.    Objection to Expedited Determination of Motion in Limine

The Motion in Limine should be denied for the same reasons as the Motion to Continue – the issues raised by the Motion in Limine are not new and could have been raised by the State on regular notice. The Motion in Limine should also be denied because the sole basis for the relief requested is that "the State, the Trustee, and the Committee are not in agreement regarding the appropriate allocation of evidentiary burdens for the issues to be determined by the Court at the Hearing." Motion in Limine ¶ 2. There is no requirement that parties in contested matters agree

---

[1] Although captioned as a "motion to continue," the Motion to Continue is actually a request to alter or amend the procedural order because the Court already considered the State's arguments and rejected them. If determined under the strictures of Bankruptcy Rule 9023, the Motion to Continue is untimely because it was not filed within 14 days of entry of the procedural order.

on the evidentiary burden. While the Committee concedes that the allocation of the burden may impact which side prevails in the dispute, it disagrees that a determination prior to the hearing will impact either side's preparation. Beyond determining who presents evidence first, it is unlikely that the determination will change what evidence is presented. The Committee anticipates that both sides will offer documentary evidence and expert testimony about the amount of liability owed to the State, and then the Court will render a decision. The Committee, at least, does not view a determination in advance of the hearing as any type of emergency and is preparing to proceed on January 29th regardless of whether or how the Court may (or may not) rule on the Motion in Limine. For these reasons, the Committee submits that the Court should deny the request for expedited determination of the Motion in Limine.

Dated: January 17, 2024

Respectfully submitted,

*/s/ Jeremy R. Fischer*
Jeremy R. Fischer
Kellie W. Fisher
**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, Maine 04101-2480
Telephone: (207) 772-1941
E-mail: jfischer@dwmlaw.com
kfisher@dwmlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing objection was served on all parties requesting CM/ECF notice in this case via the Court's CM/ECF system.

Dated: January 17, 2024

*/s/ Jeremy R. Fischer*