# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

| | |
|---|---|
| In re<br><br>STORED SOLAR ENTERPRISES, SERIES LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10191 |

### SUPPLEMENT TO MOTION OF THE STATE OF NEW HAMPSHIRE TO CANCEL OR CONTINUE EVIDENTIARY HEARING OR GRANT OTHER APPROPRIATE RELIEF

### REQUEST FOR EXPEDITED DETERMINATION

The State of New Hampshire (the "State"), acting through its Department of Revenue Administration ("DRA"), hereby files this supplement to the pending *Motion of the State of New Hampshire to Cancel or Continue Evidentiary Hearing or Grant Other Appropriate Relief* [Dkt. No. 487] (the "Motion to Continue") to provide new and additional information.

### SUPPLEMENT

1. The Trustee has filed tax returns on the eve of at least one prior hearing. Accordingly, in the Scheduling Order, the Court decreed that "[t]he Trustee may not, in connection with any efforts to secure confirmation of the Plan [Dkt. No. 43], file a further amended tax return with the NH DRA." Scheduling Order, ¶ 1.

2. However, consistent with the general trajectory of this case, on January 17, 2024, at 9:08 a.m., counsel for Capergy US LLC ("Capergy") provided the State and the Committee with an electronic copy of a tax return that it represents that it had mailed to the State (the "Capergy Return"). While the State has not yet received the actual Capergy Return or had an opportunity to read through it or engage in any substantive review of the Capergy Return, this much is clear to undersigned counsel:

1

23429823.v1

- The Capergy Return purports to be a combined return for Capergy, the Debtor, each of the entities that purportedly merged to form the Debtor (the "SSES Entities"), and other non-debtor entities (the "Non-Debtor Entities").

- The Capergy Return purports to be for the entire year from January 1, 2022 through and including December 31, 2022 and may include economic and taxable activity that is also contained in the various tax returns filed by the Trustee (collectively, the "Trustee's Returns").

3. The State does not yet know whether the Capergy Return includes the proper entities and/or was prepared correctly or what impact, if any, the Capergy Return will have on the Administrative Expense Request. The State also does not know to what extent, if any, the Trustee provided information to Capergy to assist with the preparation of the Capergy Return or over what time period. While the State is not suggesting that the Trustee made an intentional effort to avoid the impact of the Scheduling Order, the Capergy Return was filed days after the filing of the Motions and shortly before the deadline for parties to file legal memoranda setting out their positions for the first time regarding the Administrative Expense Request. Further, at this time, the State does not know whether any party intends to rely upon the Capergy Return in connection with legal memoranda to be filed on Friday or the Hearing.

4. Taken together, the State submits that this new filing by Capergy provides a further basis to grant the Motion to Continue on an expedited basis for several reasons. First, the Capergy Return may (or may not) be probative of the estate's tax liability to the State but the State needs a reasonable amount of time to make that determination. Second, the State has been unable to conduct its normal non-bankruptcy review of the Capergy Return using available non-bankruptcy information-gathering tools. Third, the State was unable to engage in discovery with respect to the contents of the Capergy Return or its impact on any party's legal position; therefore, to the extent that the Capergy Return is going to be considered relevant to proceedings in this Court to

23429823.v1

be held on January 29, 2024, the State would be denied its due process with respect to this evidence.

5.      The State understands that the Committee objects to expedited relief regarding the Motions and has filed the *Official Committee of Unsecured Creditors' Objection to State of New Hampshire's Requests for Expedited Determination* [Dkt. No. 492] (the "Objection").  Curiously, however, the Committee's Objection does not mention the Capergy Return or acknowledge the fact that Capergy intended to file such a return—which the undersigned discussed with the Committee yesterday after learning that a return was due to be filed imminently.

6.      Finally, Capergy is a non-debtor entity.  Accordingly, at this time and until the State has an opportunity to consider the issue further, the State questions whether the Court has jurisdiction under section 505 of the Bankruptcy Code with respect to the tax liability of Capergy or any tax return filed by Capergy.

Date: January 17, 2024
                */s/ Andrew C. Helman*
                Andrew C. Helman
                Kyle D. Smith
                DENTONS BINGHAM GREENEBAUM LLP
                One City Center, Suite 11100
                Portland, Maine  04101
                (207) 619-0919
                andrew.helman@dentons.com
                kyle.d.smith@dentons.com

*Counsel to the State of New Hampshire*

**CERTIFICATE OF SERVICE**

    I, Andrew C. Helman, an individual eighteen years of age or older, hereby certify that on the date set forth below, I caused the foregoing document and a proposed order to be served on all parties receiving notice and service in this case through the Court's CM/ECF electronic filing service.

| | |
|---|---|
| Date: January 17, 2024 | */s/ Andrew C. Helman*  <br>Andrew C. Helman  <br>DENTONS BINGHAM GREENEBAUM LLP  <br>One City Center, Suite 11100  <br>Portland, Maine  04101  <br>(207) 619-0919  <br>andrew.helman@dentons.com |

23429823.v1