**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Stored Solar Enterprises,<br>Series, LLC,<br><br>Debtor | Chapter 11<br>Case No. 22-10191 |

# AMENDED ORDER DENYING MOTION TO DETERMINE ALLOCATION OF BURDENS OF PROOF WITH EMBEDDED REQUEST FOR EXPEDITED DETERMINATION

On January 17, 2024, the Court held a hearing on the State of New Hampshire's request for expedited determination of its Motion to Determine Allocation of Burdens of Proof Governing Evidentiary Hearing on Allowance of Administrative Expenses [Dkt. No. 488] (the "Motion"). The Motion, filed on January 12, 2024, asks the Court to determine the allocation of the burdens of proof governing the evidentiary hearing scheduled for January 29, 2024. The date of that hearing was fixed by an order that entered on November 17, 2023. [Dkt. No. 481].

The Motion and the embedded request for expedited determination are hereby denied.[1] The State of New Hampshire did not make an adequate showing that an expedited determination is warranted. Specifically, the State failed to explain why it could not have filed the Motion sooner, such that the Motion could have been considered in the ordinary course in advance of the January 29 hearing. The substantive issue raised by the Motion should have been anticipated shortly after the scheduling order issued on November 17. The State could have requested a

---

[1] This order amends and replaces the Order Denying Motion to Determine Allocation of Burdens of Proof with Embedded Request for Expedited Determination [Dkt. No. 497] issued on January 17, 2024. This amended order is identical to the order that issued on January 17 in all but two respects. First, this amended order corrects a typographical error that appeared in the January 17 order. Second, this amended order bears today's date, January 18, 2024.

determination regarding the burdens of proof while simultaneously reviewing the November 15 Returns (as referenced in the Motion) and exploring the possibility of settlement with the Trustee and the Committee. A self-created exigency of the type presented here is not sufficient to justify expedited determination.

Beyond that, the relief sought is in the nature of an *in limine* ruling, one designed to assist the parties prepare for the hearing. And, although the ruling requested by the State may be helpful to the parties in advance of the hearing, the State has not demonstrated an entitlement to that assistance. The substantive issue raised by the State will be decided in due course. For now, the Motion is denied without prejudice.

Date: January 18, 2024

Michael A. Fagone
United States Bankruptcy Judge
District of Maine