UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Stored Solar Enterprises,
Series LLC,

              Debtor

Chapter 11
Case No. 22-10191

## ORDER GRANTING IN PART AND DENYING IN PART
## FIRST AND FINAL FEE APPLICATION OF VERDOLINO & LOWEY, P.C.

Upon consideration of the First and Final Application for Compensation filed by Verdolino & Lowey, P.C., Accountants to the Chapter 11 Trustee (the "Accountants") dated May 8, 2024 [Dkt. No. 538] (the "Application"), and in the absence of any timely-filed objections to the Application, no hearing thereon being necessary, and for good cause shown it is hereby **ORDERED, ADJUDGED, AND DECREED** that the Application is granted in part and denied in part on the following terms:

1. The Accountants are awarded $98,936.00 as reasonable compensation for actual, necessary services rendered and are further awarded $341.49 as reimbursement for actual, necessary expenses associated with services performed on behalf of the estate during the period beginning November 21, 2022, through and including April 23, 2024. This total award of $99,277.49 in favor of the Accountants is made under 11 U.S.C. § 330(a)(1) and constitutes an allowed administrative expense claim under 11 U.S.C. § 503(b)(2).

2. In making this award, the Court awards compensation that is $620.50 less than the amount of compensation requested. 11 U.S.C. § 330(a)(2). In particular, the amount requested has been reduced by $108.00 to correct a computational error that appears on

the third page of the Application in the summary of work performed by Mr. Whitehouse at the rate of $360.00 per hour. The Court also disallows compensation of $248.00 for services provided by the Accountants that appear to have been unnecessarily duplicative or otherwise non-compensable.[1] *See* 11 U.S.C. § 330(a)(4)(A)(i). Finally, the Court disallows compensation of $264.50 for the administrative tasks of printing, scanning, downloading, and saving performed by the Accountants. Although those tasks may have been beneficial, or even essential, to the administration or the completion of the case, the tasks are not compensable at the professional rates charged by the Accountants. *See* 11 U.S.C. § 330(a)(3)(B)-(C).

3. Subject to the terms set forth in the Application, the amount hereby awarded to the Accountants shall be paid by the Trustee from available estate funds now or hereafter on hand, as agreed by the Trustee and the Accountants. In no event shall payment exceed the amount awarded.

Dated: June 12, 2024

Michael A. Fagone
United States Bankruptcy Judge
District of Maine

---

[1] Based on the information provided in the billing detail attached to the Application, it appears that duplicative or otherwise non-compensable entries were made on multiple occasions where a single professional performed a task and charged for it twice, or a professional performed a single task twice, perhaps unnecessarily.