## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

In re:

Stored Solar Enterprises,
Series LLC,

            Debtor

Chapter 11
Case No. 22-10191

### ORDER GRANTING IN PART AND DENYING IN PART APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR DRUMMOND WOODSUM AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Upon consideration of Drummond Woodsum's Application for Compensation and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for: (I) Second Interim Period of November 1, 2022 to May 8, 2024; and (II) Final Period of September 29, 2022 to May 8, 2024 [Dkt. No. 540] (the "Application"), and in the absence of any timely-filed opposition, the Court conducted a hearing on the Application on June 20, 2024. For the reasons set forth on the record, and as further explained below, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the Application is granted in part and denied in part on the following terms:

1. In relation to the Second Interim Compensation Period (as defined in the Application), Drummond Woodsum is allowed compensation, on an interim basis, for services to the Committee in the total amount of $248,555.10 which is comprised of compensation for services in the amount of $246,432.50 and reimbursement of expenses in the amount of $2,122.60.

2. In relation to the Final Compensation Period (as defined in the Application), Drummond Woodsum is allowed compensation, on a final basis, for services to the Committee in the

total amount of $353,421.09, which is comprised of compensation for services in the total amount of $349,550.50 and reimbursement of expenses in the amount of $3,870.59.

3. In making this award for the Second Interim Compensation Period and for the Final Compensation Period, the Court allows compensation that is $10,000.00 less than the amount of compensation requested and reduces requested reimbursement by $38.25.  *See* 11 U.S.C. §§ 330(a)(1)(B), (a)(2).

   a. In making this reduction, the Court disallows fees of $2,835.00 for time unreasonably or unnecessarily spent by counsel working on fee applications.  This reduction accounts for the time spent by counsel drafting a fee application in October and November of 2023.  As discussed on the record of the hearing on June 20, 2024, an application was not filed in that timeframe, and when counsel later repaired to this Application in April and May of 2024, those prior efforts apparently availed nothing.  *See* 11 U.S.C. § 330(a)(4)(A)(i).  Beyond that, Drummond Woodsum billed a total of 30.9 hours, and more than $11,500.00 on two fee applications during the Second Interim Compensation Period.  An unreasonable amount of time was spent on these relatively straightforward tasks, rendering a reduction appropriate under 11 U.S.C. § 330(a)(3)(A) and (D).

   b. The Court also disallows fees of $265.00 for time billed by counsel for the administrative task of filing items on the docket.  Although that service may have been necessary to the administration of the case, the task is not compensable at the professional rates charged by counsel.  *See* 11 U.S.C. § 330(a)(3)(B).

   c. The Court further disallows fees of $525.00 for an entry made by Attorney Fisher on November 23, 2022, for participating in a hearing on that date.  This reduction

is applied because that hearing lasted roughly three hours, not 4.5 as indicated in Ms. Fisher's entry.

d. Fees of $115.00 are disallowed for time billed by counsel on December 12, 2022, drafting, revising, and reviewing a certificate of no objection. That service was neither necessary not beneficial. *See* 11 U.S.C. §§ 330(a)(1)(A), (3)(C).

e. Fees of $490.00 are disallowed for an entry made by Attorney Fisher on March 9, 2023, for participating in a hearing on that date. The billing entry suggests that counsel intended to make a 1.4-hour reduction herself, and the hearing, on a motion for turnover, lasted only one hour and ten minutes. It is not reasonable to assume that counsel spent four hours preparing for and participating in that hearing, as otherwise suggested in the entry.

f. Fees of $70.00 are disallowed for an entry made by Attorney Fisher on August 28, 2023, for participating in a conference with Attorney Fischer. This reduction is made to render the entries by the two attorneys for that conference consistent.

g. Compensation of $595.00 and reimbursement of $38.25 are disallowed for Attorney Fisher's preparation for and telephonic appearance at a hearing held on November 16, 2023. This reduction is made in light of the order that issued on November 13, 2023, requiring in-person attendance at that hearing.

h. The remainder of the $10,000 reduction is applied to account for: (i) unnecessary duplication of services; (ii) Drummond Woodsum's decision to staff the case almost entirely with attorneys billing at shareholder rates; and (iii) several instances of impermissible block-billing by Attorney Fisher. Unnecessary duplication of services occurred when Committee counsel engaged in tasks that

the Trustee's counsel was also engaged in, and when multiple Committee lawyers appeared at non-evidentiary hearings. As for the staffing issue, it is up to Drummond Woodsum and its clients to determine who should perform legal work and at what rate. But when compensation is to be paid from the bankruptcy estate, shareholder rates should not be charged for all, or virtually all, of the services provided to the client. The Committee's counsel correctly observes that experience often produces two things: greater efficiency in the delivery of legal services and higher hourly rates. But that general rule – good as far as it goes – does not mean that a professional can perform the most basic tasks and then charge the client at the higher hourly rate when the work could be done capably by a more junior professional.

4. The fees and expenses for the Final Compensation Period are hereby awarded on a final basis under 11 U.S.C. § 330(a)(1) and the award constitutes an allowed administrative expense claim under 11 U.S.C. § 503(b)(2).

5. The amount hereby awarded may be paid by the Trustee from available estate funds now or hereafter on hand, as agreed by the Trustee and Drummond Woodsum.

Dated: July 2, 2024

Michael A. Fagone
United States Bankruptcy Judge
District of Maine